FRANK E. KNEELAND, PETITIONER

*vs.*

HODGDON C. BUZZELL, ADM'R.

ESTATE OF AMANDA H. KNEELAND, DECEASED.

Waldo.        Opinion, February 9, 1938.

*Fred W. Brown,* for petitioner.
*Carleton Doak,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

BARNES, J.    Amanda H. Kneeland, late of Searsport, died intestate, on May 18, 1932, petitioner, her son, and two other heirs surviving.

July, 1932, in the Probate Court of Waldo County, petitioner asked for administration and letters were issued to defendant, who qualified and proceeded to settle the estate.

Docket entries of the Superior Court of that county record entry of petitions, dismissed in 1935 and 1936, and the present petition, dated October 13, 1936, likewise dismissed, on defendant's motion at the April Term, 1937.

To this dismissal petitioner filed his "bill of exceptions," and the same was allowed.

We have before us no bill of exceptions, in form to demand treatment.

But in the reasons for dismissal presented by defendant are several that justify the dismissal.

Defendant challenges the jurisdiction of the Superior Court to entertain the petition.

After reciting his difficulties, in and out of court, since he filed petition for administration of his mother's estate, petitioner concludes with a prayer, "that the present administrator be removed and that the entire administration of this estate be re-opened to the end that he may be afforded an opportunity to present before a jury his claim for compensation for care of this decedent during the long and tedious illness preceding her death, and which care was attended by much sacrifice and expense on the part of himself and family."

He thus requested the Superior Court to set aside all action of the Court of Probate, that he may proceed anew with administration.

The Superior Court, in dismissing the petition, in effect disclaimed jurisdiction; and we find it had not jurisdiction to proceed in the matter.

The first Legislature of Maine, by Chapter 51, established and defined the jurisdiction of Probate Courts, and to remove all doubt and uncertainty, at its next session amended the statute of 1821, "by an act of a single section expressed in the positive, unqualified, peremptory language following: The estates of all persons deceased shall be settled in the probate court of the county where the deceased was last an inhabitant, unless the interest of the judge of probate in such estates, as heir, legatee, creditor or debtor shall

exceed the sum of one hundred dollars, any law to the contrary notwithstanding." *Marston et al., petitioners,* 79 Me., 25, 34, 8 A., 87, 89.

Thus what had before by implication been deemed the grant of original jurisdiction to settle estates of deceased inhabitants solely in the Probate Courts became enacted law.

After a long period of years, in revision of the statutes, the language of the Act of 1822 was dropped from the statutes, its expression being no longer needed to support the earlier implication.

"The superior court is the supreme court of probate, and has appellate jurisdiction in all matters determinable by the several judges of probate." R. S. 1930, Chap. 75, Sec. 31.

It has, however, original jurisdiction to appoint an administrator when a Judge of Probate shall refuse or unreasonably delay such appointment (R. S., Chapter 76, Section 21), a condition not existing in the case at bar.

It is assumed that petitioner failed to avail himself of rights to appeal from decrees of the Judge of Probate.

He has, as it would seem, concluded that the Superior Court, has authority to set aside all action by the Probate Court and institute administration *de novo.*

Such action the Superior Court has no authority to take.

*Exceptions overruled.*